OSCN Found Document:IRWIN v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IRWIN v. STATE
2024 OK CR 24
Case Number: F-2022-741
Decided: 08/22/2024
JERRY LEE IRWIN, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 24, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Jerry Lee Irwin, was convicted by a jury in the District Court of Tulsa County, Case No. CF-2021-3185, of Count 1: Assault and Battery with a Deadly Weapon, in violation of 21 O.S.2011, § 652(C); Count 4: Kidnapping, in violation of 21 O.S.Supp.2012, § 741; Count 5: Possession of a Firearm After Former Conviction, in violation of 21 O.S.Supp.2019, § 1283(A); and Count 6: Trafficking in Illegal Drugs (Methamphetamine), in violation of 63 O.S.Supp.2019, § 2-415.[1] The jury found Irwin was previously convicted of two or more prior felonies and sentenced him to forty years imprisonment each on Counts 1 and 4; twenty years imprisonment on Count 5; and sixteen years imprisonment plus a $100,000.00 fine on Count 6.

¶2 The Honorable Sharon Holmes, District Judge, presided at Irwin's trial. The case, however, was transferred post-verdict to the Honorable Dawn Moody, District Judge, based on information that Irwin may have lodged threats against Judge Holmes. Judge Moody sentenced Irwin in accordance with the jury's verdicts except that she suspended the fine imposed on Count 6. Judge Moody ordered the sentences in this case to run consecutively and ordered credit for time served.[2] Irwin now appeals.

¶3 This case involves the drug-related kidnapping and torture of Jorge Israel Torres-Zapata by Irwin and his co-defendant, Jennifer Perea. The record shows Irwin bound, gagged, shot, beat and tortured the victim with a hammer, plank and other items. Irwin also used a lighter and aerosol spray can to torch the victim's exposed genitals, while the victim writhed and screamed in pain. During a traffic stop two weeks later, Irwin was found in possession of 91.78 grams of methamphetamine and a gun.

¶4 On appeal, Irwin raises two propositions of error. First, Irwin complains that the State of Oklahoma lacked jurisdiction to prosecute him in this case because he is Native American with a certified 1/32 quantum degree of Indian blood, and the offenses were committed within the jurisdictional boundaries of the Cherokee and Muskogee (Creek) Nations. Second, Irwin argues that trial counsel was constitutionally ineffective for failing to seek dismissal of the case for lack of jurisdiction.

¶5 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶6 Proposition I. Appellant contends that the District Court of Tulsa County did not have jurisdiction over his crimes because he is a Choctaw Indian and the crimes occurred on the Muscogee Creek and/or Cherokee reservations. Appellant did not raise this claim below until after formal sentencing, when he filed a pro se motion to dismiss the case for lack of jurisdiction.[3] Appellant did not present any proof to support his claim before the district court that he was Indian. Noting this deficiency, and the fact that Appellant had not yet perfected his pending direct appeal, Judge Moody construed Appellant's motion as a request for post-conviction relief and dismissed the application.

¶7 Now on appeal, Appellant contends the State of Oklahoma lacked jurisdiction to try him for the crimes in this case. Appellant has filed a motion to supplement the record with 1) a copy of his Choctaw Nation of Oklahoma membership card certifying that he is 1/32 degree of Choctaw and is a member by blood of the Choctaw Tribe; and 2) a letter from the Choctaw Nation's membership director indicating that Appellant's tribal membership was issued on August 28, 1996. Should the Court decline his request to supplement the record with these documents, Appellant requests remand for an evidentiary hearing on his Indian country jurisdictional claim, pursuant to Rule 3.11(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024).[4]

¶8 This Court recently held that Indian country jurisdictional claims do not implicate Oklahoma district courts' subject matter jurisdiction, but rather personal and territorial jurisdiction. Deo v. Parish, 2023 OK CR 20, ¶ 15, 541 P.3d 833, 838. Appellant waived any claim that the trial court lacked personal or territorial jurisdiction in this case when he entered his plea of not guilty at district court arraignment and proceeded to trial. Id. "It is settled law in Oklahoma that where no demurrer, or motion to quash the information is filed, and a plea of 'not guilty' is entered and the trial is had, the defendant waives any defect in the information, except that the court has no jurisdiction of the subject matter and that no public offense has been committed." Wright v. State, 1973 OK CR 9, ¶ 40, 505 P.2d 507, 514.[5] In the present case, the record on appeal does not establish prima facie evidence of Appellant's Indian status because the claim was not raised during the trial court proceedings. See Wadkins v. State, 2022 OK CR 2, ¶ 3, 504 P.3d 605, 607. "Supplementation of the record under Rule 3.11(A) is not appropriate merely to cure a defendant's failure to preserve an issue below." Lamar v. State, 2018 OK CR 8, ¶ 42, 419 P.3d 283, 295. Based on this authority, Proposition I is denied.

¶9 Proposition II. Appellant claims that his trial counsel was constitutionally ineffective for failing to raise the Indian country jurisdictional challenge discussed in Proposition I. Appellant claims here, as he did in his motion below, that he told his trial counsel Brian Boeheim that he was Indian. Appellant contends that defense counsel nonetheless failed to investigate his Indian status and failed to investigate whether jurisdiction was proper.

¶10 To prevail on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). See Harrington v. Richter, 562 U.S. 86, 104 (2011) (discussing Strickland two-part test). To show deficient performance, Appellant must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. The reviewing court must afford a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. Id. at 689. The defendant's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To show prejudice, Appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

¶11 The record on appeal before this Court does not support Appellant's McGirt claim.[6] As discussed earlier, the motion to dismiss for lack of jurisdiction filed by Appellant below contained no proof that Appellant was Indian. In his Rule 3.11 application, Appellant has attached a copy of a Choctaw Nation membership card certifying that he is 1/32 degree of Choctaw and is a member by blood of the Choctaw Tribe. However, no affidavit of trial counsel was submitted with the application. We thus have no response by trial counsel to the claim asserted below, in Appellant's motion to dismiss, that Boeheim was advised of Appellant's Choctaw bloodline and roll number but told Appellant that a petition challenging subject matter jurisdiction would not apply because of the charges in the case. There is also nothing in Appellant's version of events in the motion to dismiss indicating when he allegedly told Boeheim about his Indian bloodline.

¶12 Based on these facts, Appellant is not entitled to remand to the district court for an evidentiary hearing to litigate his present ineffectiveness claim. Appellant fails to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. Rule 3.11(B)(3)(b)(i), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024); Mahdavi v. State, 2020 OK CR 12, ¶¶ 46-47, 478 P.3d 449, 460. Appellant was represented at preliminary hearing by defense attorney Ben Fu. After preliminary hearing, Fu withdrew from the case and Boeheim was appointed as a conflict defender to represent Appellant. In the process, district court arraignment was continued five separate times, over a period of approximately ninety days, because of Boeheim's entry into the case. The docket sheet shows Boeheim represented Appellant at the January 10, 2022, district court arraignment when a not guilty plea was entered on Appellant's behalf and a date was set for the jury trial. Boeheim represented Appellant through the trial of the case on June 27-30, 2022, and at formal sentencing.

¶13 The following can thus be discerned from the record. First, Appellant was represented by two different defense attorneys prior to district court arraignment. Second, all pertinent events in this case occurred at a minimum of one year after McGirt was decided by the Supreme Court on July 9, 2020. The crimes occurred over a year after McGirt. The trial itself occurred nearly two years after McGirt was decided. Formal sentencing occurred well over two years after McGirt. By this point, the bench, bar and public in this state were aware of the McGirt decision and its ramifications. Third, Appellant does not specify when he told defense counsel about his Indian bloodline and tribal membership. The lack of specificity in Appellant's version of events, the absence of an affidavit from defense counsel addressing this issue, the fact all relevant events occurred well after McGirt was handed down and the timing below of Appellant's motion to dismiss for lack of jurisdiction, undermines this ineffectiveness claim.

¶14 Based on the total circumstances presented, Appellant fails to show by clear and convincing evidence a strong possibility that trial counsel was ineffective for failing to raise this claim. Appellant fails to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel. See Rule 3.11(B)(3)(b)(i), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024). We observe too that "it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Richter, 562 U.S. at 111. Appellant's defense counsel represented him with vigor and conducted skillful cross-examination at trial. Indeed, counsel's performance resulted in acquittals on Counts 2 and 3. Proposition II is denied.

DECISION

¶15 The Judgment and Sentence of the District Court is AFFIRMED. Appellant's motion to supplement the record and alternative application for evidentiary hearing is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE DAWN MOODY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 BRIAN BOEHEIM
 ATTORNEY AT LAW
 616 S. BOSTON AVE.
 SUITE 307
 TULSA, OK 74119
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 ARIEL PARRY
 OKLA. INDIGENT DEFENSE SYSTEM
 111 N. PETERS AVE.
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
  

 DANIEL LEVY
 JOHN TJEERDSMA
 ASST. DISTRICT ATTORNEYS
 TULSA COUNTY
 500 S. DENVER AVE.
 SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
  

 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 CAROLINE E.J. HUNT
 JOSHUA R. FANELLI
 ASST. ATTORNEYS GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
ROWLAND, P.J.: CONCUR 
MUSSEMAN, V.P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: DISSENT 

FOOTNOTES

[1] Appellant was acquitted of Robbery with a Firearm (Count 2) and Maiming (Count 3).

[2] Irwin must serve 85% of the sentence imposed on Count 1 before becoming eligible for parole. 21 O.S.Supp.2015, § 13.1.

[3] The Information in this case was filed on August 17, 2021. Preliminary hearing occurred on September 22, 2021. District court arraignment occurred on January 10, 2022. Appellant's trial occurred on June 27-30, 2022. Formal sentencing happened on August 23, 2022. Appellant filed his Motion to Dismiss for Lack of Jurisdiction with the trial court on September 2, 2022.

[4] See Notice of Extra-Record Evidence Supporting Propositions I and II of Brief of Appellant and/or Alternative Application for Evidentiary Hearing on Sixth Amendment Claims, filed with this Court on March 9, 2023.

[5] I maintain my previous position dissenting from the majority holding in Deo but apply this precedent here on grounds of stare decisis. Deo, 2023 OK CR 20, 541 P.3d at 840-43 (Hudson, V.P.J., dissenting).

[6] See McGirt v. Oklahoma, 140 S. Ct. 2452 (2020).

 

 

LEWIS, JUDGE, DISSENT:

¶1 I respectfully dissent. I have elsewhere stated my disagreement with the majority's view that a jurisdictional challenge based on McGirt is procedurally barred by the defendant's failure to assert it before or at the time of a responsive plea to the information or indictment. See Deo v. Parish, 2023 OK CR 20, ¶ 4, 541 P.3d 833, 845 (Lewis, J., dissenting).

¶2 Indeed, the court's lack of "jurisdiction of the offense," or the appearance of facts indicating a crime is not "punishable by law" is cause to discharge the jury even in an ongoing criminal trial. 22 O.S.2021, § 844. The court may then detain the defendant pending notification of the "state, territory, or district" having jurisdiction to try the offense. 22 O.S.2021, § 845 (emphasis added).[1]

¶3 The Court's recent characterization of Indian Country claims as involving defects of personal or territorial jurisdiction thus may not sustain the view that an Indian becomes irrevocably subject to State trial and punishment by failing to raise an otherwise substantial McGirt claim on or before arraignment and plea.

¶4 Appellant raised his McGirt claim by a pro se motion and predictably failed to support it in the way that counsel might have. He told the trial court and has alleged on appeal that he informed trial counsel of his Indian status. Appellate counsel has at least partially cured his earlier omissions by showing clear and convincing evidence of tribal membership and a degree of Indian blood.

¶5 Nevertheless, the Court finds that the omission of more specific allegations and an affidavit from trial counsel supporting his claim defeats his request for an evidentiary hearing. While the affidavit of trial counsel addressing Appellant's allegations might be illuminating, I do not find its omission fatal at this stage. Who knew what, when, and where are matters capable of proof on remand.

¶6 Counsel's alleged omission to investigate and present a McGirt objection that seemingly could have been substantiated with evidence of tribal recognition and a degree of Indian blood may show a deficiency that, but for the error, entitled Appellant to dismissal of the information or even discharge of the jury that convicted him.

¶7 I would therefore remand the case for evidentiary hearing on Appellant's ineffective assistance of counsel claim to supplement the record with the available evidence of Appellant's Indian status and any information about trial counsel's apparent omission of the McGirt jurisdictional challenge.

FOOTNOTES

[1] These two statutes obviously suggest discharge of the jury upon the appearance of in personam or territorial jurisdictional defects broader than the general criminal subject matter.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2018 OK CR 8, 419 P.3d 283, 
LAMAR v. STATE
Discussed

 
2020 OK CR 12, 478 P.3d 449, 
MAHDAVI v. STATE
Discussed

 
2022 OK CR 2, 504 P.3d 605, 
WADKINS v. STATE
Discussed

 
2023 OK CR 20, 541 P.3d 833, 
DEO v. PARISH
Discussed at Length

 
1973 OK CR 9, 505 P.2d 507, 
WRIGHT v. STATE
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 741, 
Kidnapping
Cited

 
21 O.S. 652, 
Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited

 
21 O.S. 1283, 
Convicted Felons and Delinquents
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 844, 
Grounds for Discharge of Jury
Cited

 
22 O.S. 845, 
Discharge of Defendant Upon Discharge of Jury
Cited

Title 63. Public Health and Safety

 
Cite
Name
Level

 
63 O.S. 2-415, 
Applicability of Act - Unlawful Acts - Violations - Penalties
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA